# EXHIBIT 3

February 23, 2021



MARK WEINER LAW

**PRIVILEGED COMMUNICATION**
**FOR SETTLEMENT PURPOSES ONLY**

VIA E-mail @ StarrPoolClaims@starrcompanies.com
Attn: Starr Claims
Name of Insurance Company: Starr Surplus Lines Insurance Company
Address: 399 Park Avenue 8th Floor
New York, NY 10022
    Re: <u>SFMB Management LLC</u>

            Claimant Name: SFMB Management LLC
            Authorized Signatory: Barry O'Connor
            DOL: March 1, 2020
            Policy No: SLSTPTY11178619

Dear Starr Surplus Lines Insurance Company:

    Please accept this letter as our formal demand for settlement of the above-referenced claim on behalf of our client, SFMB Management, LLC ("SFMB" or "Claimant"). This claim is being filed directly with Starr Surplus Lines Insurance Company ("Starr") by email in conformity with the demand instructions contained in Claimant's business interruption insurance policy. Claimant is making this claim for loss of revenue, loss of profit, payroll expenses, and additional expenses incurred through no fault of the Claimant. Claimant paid $109,730 in premiums quarterly for this policy and is the coverage under which business interruption claims are covered. Claimant purchased additional coverage endorsements to protect Claimant against unforeseen business losses that might be incurred by Claimant the cause(s) of which Claimant is not responsible. The additional premium that claimant incurred was paid to protect Claimant if business was stopped, or reduced, due to governmental action, economic loss, physical damage, closure of the premises, or other unforeseen injuries. These additional premiums were timely paid by the Claimant in accordance with the policy requirements in the amount calculated by the insurer for the additional coverages purchased. These coverages include but are not limited to: (i)

additional expenses incurred due to property closure; (ii) Claimant's additional payroll expenses during the period of loss; (iii) remediation of physical damage of the effected property; (iv) loss of business revenue, income, and variable profit; and (v) an agreed upon value of Claimant's economic losses should any injury be caused due to an interruption in Claimant's business. SFMB Management LLC sustained losses beginning March 1, 2020 and continuing until this day in Tampa, Florida.

It is a well-established fact that a pandemic called Coronavirus-19 ("Covid") resulted in wide-spread losses to businesses around the world forced to close, or drastically reduce operations to minimize the risk of further infection. While reasonable minds have reached different conclusions as to whether the measures taken by municipal and nationwide governmental entities and authorities was drastic overkill, or not nearly enough efforts were made to contain the virus; one fact that is not open for debate is that businesses, including SFMB, suffered catastrophic economic losses. A second fact is that Starr offers business interruption income coverage as an optional benefit available to businesses to minimize their risk and sustain them when a suspension of business operations causes a loss of business income. This coverage allows a business to continue to pay operating expenses, additional expenses incurred because of the suspension, and to supplement its lost business income. The third undisputed fact is that SFMB purchased nearly every additional endorsement to protect itself from economic losses due to the required closure or suspension of business operations for which, SFMB is not at fault. Finally, it is a well-established tenet of insurance law that any cause of loss that is not specifically excluded in unambiguous language is considered a covered peril.

When SFMB renewed its insurance policy on May 15, 2020, a 43rd endorsement was added to the policy and the premium was increased by more than $50,000 per year. This 43rd endorsement, a "Communicable Disease Exclusion Endorsement," specifically excluded coverage for business interruption losses that could be attributed in any way to a "communicable disease." This endorsement was added by Starr in response to the initial closure orders of March 2020 in the State of Florida related to the Covid pandemic. Conspicuously absent from SFMB's policy that was in effect at the beginning of the outbreak and continuing until the policy was renewed (May 15, 2019- May 15,2020) is this very "Communicable Disease Exclusion Endorsement." As stated above, a central tenet of insurance law is that any cause of loss that is not specifically excluded is considered a covered peril. By the very addition of Starr's new exclusion, it is Starr's admission that Claimant's policy in effect at the time the business interruption losses began **does not have a communicable disease exclusion.** Starr priced the coverage and issued the policy to Claimant based on Claimant's potential claims against Starr should business be suspended knowing that a communicable disease could occur.

SFMB faithfully paid Starr in a timely fashion and now seeks the agreed-upon compensation from Starr for the loss that SFMB has suffered due to the Covid

pandemic. Claimant owns and operates nine different entities each seeking coverage under this policy and included in the "other locations endorsement." Each separate property has provided profit and loss statements, economic loss models, and appropriate lost variable profit benchmarks and amounts for each of the locations. The "Business Income (and Extra Expense) Coverage Form is one of the coverage forms stated in the commercial property insurance portion of Claimant's Policy Endorsement 02/12. The endorsement in Claimant's policy provides 12 months of coverage (and an additional 30 days of coverage due to the additional premium paid for Extended Business Interruption Endorsement) and states that:

*"We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration." The "suspension" must be caused by direct physical loss of **or damage** to property at premises which are described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss."*

Throughout the 102 pages of Claimant's insurance policy, "direct physical loss or damage to" are separately identified hazards. Common definitions of "or" would not require both a "physical loss" **and** "damage" to occur at the insured's property, but either a "physical loss" **or** "damage" to occur at the property. The language in Claimant's Endorsements Numbers two, six, and eleven outline the methodology by which SFMB is able to claim economic damages is a measure of variable profit. Per Endorsement No. 1, Agreed Amount Endorsement (Business Interruption) Claimant has paid more than $500,000 per year to cover all economic harms that could slow or suspend business. For this premium, Starr has agreed that should Claimant suffer a business interruption loss, the value of the claim would be $18,244,219 (less applicable deductibles). Per the wording in the Business Interruption Endorsement, "Loss of **or** damage to" the property must have occurred resulting in suspension or reduction of operations. Since Claimant is a corporation and not a person or a physical piece of property, the only "damage" that claimant could suffer would be a reduction in revenue or profit violating its fiduciary duty to its shareholders to maximize profit. The total economic loss calculated thus satisfying the language of the business interruption endorsement is $6,262,918.32. (Please see attached economic loss models with Claimant's expenses classified as either "fixed" or "variable" for purposes of the calculation).

## Unconditional Settlement Demand

Based on the evidence in this case, current status of similarly situated litigation in various jurisdictions[1], and additional penalties Starr will occur should this demand be denied in bad faith; SFMB, has authorized this firm to make a demand for **$18,244,219.00 (the agreed-upon value).** In exchange, our client SFMB will execute a full and complete release of all claims he has or will have against Starr,

---

[1] Henderson Road Restaurant Systems, Inc. dba Hyde Park Grille, et. al. v. Zurich American Ins. Co., Case No. 1:20CV1239, Order granting Plaintiffs' Motion for Summary Judgment (N.D. Ohio Jan. 19, 2021)

and will indemnify same against the claims of others, including any lienholders and persons or entities with subrogation interests, whether known or unknown, that arose from this loss. Further, our client will pay all debts accrued from this loss out of the settlement proceeds. **If the calculated economic loss of SFMB of $18,244,219 exceeds the limits of SFMB's coverage; Claimant demands that policy limits of loss be tendered for said release.**

It is the express intent of this letter to provide the above settlement demand under **§ 627.70131, Fla. Stat. (2020).** Under this statute, Starr has the following duties and obligations pertaining to the handling of this claim:

(1)(a)   Upon an insurer's receiving a communication with respect to a claim, the insurer shall, within 14 calendar days, review and acknowledge receipt of such communication unless payment is made within that period.

(5)(a)   Within 90 days after an insurer receives notice of an initial, reopened, or supplemental property insurance claim from a policyholder, the insurer shall pay or deny such claim or a portion of the claim unless the failure to pay is caused by factors beyond the control of the insurer which reasonably prevent such payment. Any payment of an initial or supplemental claim or portion of such claim made 90 days after the insurer receives notice of the claim or made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment, whichever is later, bears interest at the rate set forth in s. 55.03. Interest begins to accrue from the date the insurer receives notice of the claim.

As the insurer, you have a duty not only to accept reasonable demands within policy limits, but also to negotiate reasonably and explore settlement opportunities within the insured's coverage. If an insurer breaches its duties to its insured, the company will be liable for all damages caused by the breach, including damages more than the policy limits.

To give you a reasonable time to evaluate and respond, our settlement offer shall remain open until **5:00 p.m. on March 5, 2021**. If we are unable to resolve this claim, we have been authorized to prepare this case for trial.

Please confer internally and let us know how you wish to proceed.

Sincerely yours,

Mark R. Weiner

3117 W. Columbus Dr., Suite 205
Tampa, Fl. 33607

777 Brickell Ave., Suite 500
Miami, Fl. 33131

(813) 388-3045
(813) 435-2497 Fax
www.markweinerlaw.com

Mark Weiner, Elite Immigration Attorney
mark@markweinerlaw.com



# BUSINESS INTERRUPTION CLAIM ANALYSIS

ARCHETYPE CONSULTING GROUP, INC.

| | |
|---|---|
| **Date:** | 02/01/2021 |
| **Co-Counsel:** | Mark Weiner Law |
| **Policyholder:** | SFMB Management LLC |
| **Insurance Carrier:** | A.  Surplus Lines Insurance Company |
| | B.  Star Surplus Lines Insurance Company |
| **Industry:** | Restaurant |
| **Insurance Type:** | A. Commercial General Liability / Commercial Property |
| | B.  Commercial General Liability / Commercial Property |
| **Policy Period:** | A. 05/15/2019 – 05/15/2020 |
| | B.  05/15/2020 – 05/15/2021 |
| **State:** | Florida |

## POLICY REVIEW AND KEY LANGUAGE:

| Coverage / Exemptions | Reference | Key Language |
|---|---|---|
| **POLICY A** | | |
| **Policy Declarations** | **PR 001 D (05/12) 4 Pages** | **Page 1 of 4:** <br><br> Premium:  $109,730.00 <br><br> Loss Payable Clause <br><br> Limit of liability under this policy shall in no event exceed [the amount below] $18,24,219.00 Per Occurrence Excess of Deductibles. <br><br> **Page 2 of 4:** <br> Newly Acquired Locations: $1,000,000.00 |
| **POLICY B (RENEWAL)** | | |
| **Policy Declarations** | **PR 001 D (05/12) 4 Pages** | **Page 1 of 4:** <br><br> Premium:  $123,000.00 <br><br> Loss Payable Clause <br><br> Limit of liability under this policy shall in no event exceed [the amount below] $18,947,130.00 Per Occurrence Excess of Deductibles. |